UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSHUA JONES,
    Plaintiff,

vs.

EMILY RIDDER, et al.,
    Defendants.

Case No. 1:19-cv-599
Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff filed the pro se complaint in this action on July 24, 2019 against defendants Emily Ridder and Anthony Zieverink. (Doc. 1). The matter is before the Court on plaintiff's motion for default judgment (Doc. 8) and defendants' opposing memorandum (Doc. 9); defendants' objection to plaintiff's application to the Clerk for entry of default (Doc. 10); and plaintiff's motion for extension of time to obtain counsel and prepare for upcoming Court proceedings (Doc. 11) and defendants' response (Doc. 12).

Service was executed on defendants on September 6, 2019. (Doc. 4). Defendants timely filed their answer to the complaint and certified that they mailed a copy of the answer to plaintiff at his regular mailing address on September 26, 2019. (Doc. 5). Plaintiff filed his application for entry of default with the Clerk and his motion for default judgment five days later on October 1, 2019. (Docs. 7, 8). Plaintiff thereafter filed a motion for extension of time on October 18, 2019, alleging that he did not receive a copy of defendants' answer until approximately ten days after they had filed it. (Doc. 11 at 1). Plaintiff contends that the delay caused him to "erroneously" move for a default judgment. (*Id.*). Because defendants timely filed their answer and plaintiff concedes that defendants are not in default, plaintiff is not entitled to an entry of default or default judgment. *See* Fed. R. Civ. P. 55.

Plaintiff moves for a 21-day extension of time to obtain counsel and to prepare for

upcoming Court proceedings. Defendants do not object to a 21-day extension of the October 28, 2019 deadline for the parties to file the Rule 26(f) Report of the Parties (Doc. 12) pursuant to the Preliminary Pretrial Conference Order (Doc. 6). The Court will therefore extend the deadline for submission of the parties' Rule 26(f) Report. Plaintiff is free to continue his search for counsel to represent him in this matter.

In his motion for extension of time, plaintiff indicates that he previously requested pro se ECF access. (Doc. 11). However, he has not yet filed a motion seeking pro se ECF access and leave to file documents electronically in this case. Because plaintiff has expressed a wish to access the ECF system, the Court grants plaintiff permission to register to do so.

Documents filed electronically shall conform substantially to the requirements of the Local Rules and to the format for the ECF system set out in the most current editions of the ECF Policies and Procedures Manual issued by the Clerk. *See* S.D. Ohio Civ. R. 5.1(c). Plaintiff shall make himself familiar with the Court's ECF policies and procedures, which can be found on the Court's website under "Electronic Case Filing." *See* http://www.ohsd.uscourts.gov/cmecf/Electronic%20Filing%20Policies%20and%20 Procedures.%202013.0222.pdf. By registering, plaintiff consents to receive notice of filings pursuant to the Federal Rules of Civil Procedure via the Court's electronic filing system. Permission to file electronically may be revoked at any time.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's request for pro se ECF access and leave to file documents electronically in this case is **GRANTED**. Upon entry of this Order, the Clerk of Court is **DIRECTED** to undertake

the necessary steps to register plaintiff to allow him access to the CM/ECF system and to provide plaintiff with the necessary login information.

2. Plaintiff's motion for extension of time (Doc. 11) is **GRANTED**. The parties shall file the Rule 26(f) Report of the Parties by **November 18, 2019**.

3. Defendants' objection to plaintiff's application for entry of default (Doc. 10) is well-taken. The Clerk is **DIRECTED** to decline plaintiff's application for entry of default (Doc. 7).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's motion for default judgment (Doc. 8) be **DENIED**.

Date: 10/23/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSHUA JONES,
    Plaintiff,

vs.

EMILY RIDDER, et al.,
    Defendants.

Case No. 1:19-cv-599
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).