UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSHUA VANCE JONES,  Case No. 1:19-cv-599
    Plaintiff**,**  Litkovitz, M.J.

vs.

EMILY RIDDER, et al.  **ORDER**
    Defendants.

    This matter is before the Magistrate Judge on pro se plaintiff Joshua Jones's motion captioned "Emergency Motion for Immediate Consideration and Motion for Stay Pending Appeal of Magistrate Order Denying Withdraw of Consent to Magistrate and Plaintiff Appeal of All Subsequent Orders of Magistrate Following the Unlawful Denial to Withdraw Consent to Jurisdiction of Magistrate Judge." (Doc. 45). Though plaintiff appears to primarily address his requested relief to the Sixth Circuit, the Magistrate Judge construes part of the relief requested to be reconsideration of her decision (Doc. 43) to deny plaintiff's motion to withdraw consent to her jurisdiction over the matter (Doc. 39).

    "Motions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007). They are warranted under three circumstances: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice." *Brown v. Mohr*, No. 1:12-cv-583, 2015 WL 1097373, at *4 (S.D. Ohio Mar. 11, 2015) (quoting *Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 714 (S.D. Ohio 2013)). The Magistrate Judge understands plaintiff to argue that the Magistrate

Judge's ruling on plaintiff's motion to withdraw consent was a clear error of law. Plaintiff argues that the district judge, and not the magistrate judge, was the only judge authorized to rule on the motion. (*See* Doc. 45 at PAGEID 266-67).[1]

The Magistrate Judge begins with the text of the relevant federal statute:

(c) Notwithstanding any provision of law to the contrary--

> (1) Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct *any or all proceedings in a jury or nonjury civil matter* and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. . . .
>
> (2) If a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, *either the district court judge or the magistrate judge* may again advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.
>
> (3) Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court. The consent of the parties allows a magistrate judge designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Nothing in this paragraph shall be construed as a limitation of any party's right to seek review by the Supreme Court of the United States.
>
> (4) *The court may*, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.

---

[1] Plaintiff appears to refer to *Branch v. Umphenour*, 936 F.3d 994 (9th Cir. 2019), in support of this argument but does not explicitly cite it. *See* Doc. 49 at PAGEID 283.

28 U.S.C. § 636(c) (emphasis added).

The emphasized language demonstrates that, upon consent, a magistrate judge is granted authority to conduct "any or all proceedings," without limitation. *Id.* at § 636(c)(1). The emphasized language also reflects an acknowledged distinction between a "district court judge" and a "magistrate judge," *see id.* at § 636(c)(2), which Congress chose not to employ in the subsection of the statute pertaining to withdrawing consent. *See id.* at § 636(c)(4) ("*The court may* . . . vacate a reference of a civil matter to a magistrate judge under this subsection.") (emphasis added). *Cf. Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 177 (1994) ("If . . . Congress intended to impose aiding and abetting liability, we presume it would have used the words 'aid' and 'abet' in the statutory text. But it did not."). Based on the statutory language, the Magistrate Judge concluded that she had the authority to rule on plaintiff's motion to withdraw consent. (*See* Doc. 43 at PAGEID 243).

The Sixth Circuit cases construing 28 U.S.C. § 636(c)—as it pertains to the withdrawal of consent—are not consistent. In *Moses v. Sterling Com. (Am.), Inc.*, 122 F. App'x 177 (6th Cir. 2005), the Sixth Circuit relied on 28 U.S.C. § 636(c)(1)'s "any or all proceedings" language to find that it was appropriate for a magistrate judge to have ruled on, among other matters, "the plaintiff's request to vacate the reference. . . ." *Id.* at 181. *See also Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169 (6th Cir. 1993) (On consent, "a magistrate judge may exercise plenary jurisdiction.") (citation omitted). The Court of Appeals reasoned:

> A full referral to a magistrate judge allows the magistrate judge to oversee litigation in the same manner as a district judge would. In fact, a "§ 636(c)(1) referral gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003). . . . It was therefore appropriate for Magistrate Judge King to rule on Moses's request to vacate the reference. . . .

*Moses*, 122 F. App'x at 181.

Several years prior, the Sixth Circuit reached a different conclusion in *Milhous v. Metro. Gov't of Nashville & Davidson Cnty.*, 221 F.3d 1335 (6th Cir. 2000) (unpublished table decision), holding that "[i]t is clear that once a case has been referred to a magistrate under § 636(c), the district judge is the only one who can withdraw the reference." *Id.* at *1 (citing *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984)). The Second Circuit in *Fellman* did not specifically analyze the language of the statute and concluded, without explanation, "Once a case is referred to a magistrate under section 636(c), the reference can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under *extraordinary circumstances* shown by any party.'" 735 F.2d at 58 (citing former 28 U.S.C. § 636(c)(6) (emphasis in the original).

While neither *Milhous* nor *Fellman* cite it, Federal Rule of Civil Procedure 73 also addresses the question of vacating a reference to a magistrate judge. The rule states, "On its own for good cause--or when a party shows extraordinary circumstances--the *district judge may* vacate a referral to a magistrate judge under this rule."[2] Fed. R. Civ. P. 73(b)(3) (emphasis added). The language of this rule is permissive, however, and does not expressly prohibit a magistrate judge from ruling on vacating a referral.

The Magistrate Judge is confident in her authority to have ruled on plaintiff's motion to withdraw consent given the Sixth Circuit's more recent decision in *Moses*. Nevertheless, in an abundance of caution given the seemingly conflicting authority of *Milhous*, the Magistrate Judge will grant plaintiff's motion in part for the limited purpose of referring plaintiff's motion to

---

[2] In *Branch*, 936 F.3d at 1001-04, the case on which plaintiff relies, the Ninth Circuit relied in part on Rule 73(b)(3) to find that magistrate judges are precluded from ruling on motions to withdraw consent. The Ninth Circuit acknowledged a circuit split on the issue but did not address the Sixth Circuit's position. *Id.* at 1003-04.

withdraw consent to a district court judge. Plaintiff's motion (Doc. 45), construed in part as a motion for reconsideration, is **GRANTED** to the extent explained herein.

The Clerk of Court is **DIRECTED** to refer plaintiff's motion to withdraw consent to the magistrate judge (Docs. 39, 45) to District Judge Michael R. Barrett for ruling. The Clerk is further **DIRECTED** to send a copy of this Order to the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Date: 4/22/2021

Karen L. Litkovitz
United States Magistrate Judge